IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Brandon C. Patterson, | Case No. 5:17 CV 173 |
| Petitioner, | MEMORANDUM <u>OPINION AND ORDER</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Charmaine Bracy, | |
| Respondent. | |

## INTRODUCTION

Petitioner *pro se* Brandon Patterson filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Realizing his claims may be unexhausted and potentially procedurally defaulted, Patterson also filed a Motion for Stay and Abeyance (Doc. 3). This is Patterson's second habeas Petition challenging his 2009 convictions in the Stark County Court of Common Pleas. For the following reasons, this Court finds this Petition to be successive and transfers it to the United States Court of Appeals for the Sixth Circuit to determine whether Patterson may proceed with this action.

## BACKGROUND

In March 2009, the Stark County Grand Jury indicted Patterson on one count of attempted murder with a firearm specification, two counts of felonious assault with a firearm specification, and one count of having a weapon while under disability. *State v. Patterson*, 2010 WL 2595181, at \*1 (Ohio Ct. App. 2010). These charges arose from an altercation at a party during which one of the participants pulled out a gun and shot two other individuals. An eyewitness identified Patterson as the assailant from a photo line-up. Patterson filed a motion to suppress that line-up. Following a hearing, the trial court ultimately denied the motion. The jury found Patterson guilty and, in May

2009, the trial court sentenced him to a total of twenty years in prison and up to five years of post-release control.

Round One

Patterson timely filed his direct appeal to the Ohio Fifth District Court of Appeals in June 2009, asserting four assignments of error:

1. The trial court's finding of guilt is against the manifest weight and sufficiency of the evidence.

2. Appellant was denied his rights to due process and of assistance of counsel because his trial counsel provided ineffective assistance.

3. The trial court erred in failing to suppress the unecessarily (sic) suggestive photograph identification line-up.

4. The trial court erred in failing to grant a mistrial *sua sponte* when testimony was presented in violation of the appellant's Fifth Amendment rights.

*Id.* at \*1. The appellate court affirmed the judgment of the trial court and denied each of Patterson's claims on the merits. *Id*.

Patterson timely appealed to the Ohio Supreme Court, raising a single issue: "When the performance of trial counsel is deficient and the defendant is prejudiced thereby, the defendant is denied the right to effective assistance of counsel." *State v. Patterson*, 2010 WL 3336185 (Mem. in Support of Jurisdiction). The Supreme Court dismissed the case in October 2010, finding it did not involve "any substantial constitutional question." *State v. Patterson*, 126 Ohio St. 3d 1619 (2010) (table).

Patterson next filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court. *See Patterson v. Ohio*, No. 5:11 CV 997 (N.D. Ohio Feb. 8, 2012) (Zouhary, J.) (Doc. 12). He asserted four grounds for relief:

1. Denied the right to effective assistance of counsel.

2. Trial court erred in failing to suppress the unnecessarily suggestive photograph identification line-up.

3. Trial court erred in failing to grant a mistrial *sua sponte* when testimony was presented in violation of [Petitioner's] Fifth Amendment rights.

4. Trial court's finding of guilt is against the manifest weight and sufficiency of the evidence.

This Court determined Claims 2, 3, and 4 were procedurally defaulted (*id.* at 4–6), and Claim 1 for ineffective assistance of trial counsel was without merit (*id.* at 6–9). Patterson did not appeal that decision.

Round Two

Two years later, in October 2014, Patterson filed a motion in the trial court to correct his sentence, claiming his Judgment Entry did not indicate the sequence his sentences were to be served, and the trial court failed to impose a sanction for each offense. *See State v. Patterson*, 2015 WL 2058968, at *1 (Ohio Ct. App. 2015). The trial court denied the motion in November 2014. *Id.*

Patterson appealed that decision, asserting the following assignments of error:

1. Trial court violated Defendant's right to U.S. Amend. 5th, 6th, & 14th, & OH. Const. Art. 1, § 10, & 16, when it failed to correct the absence of statutory mandated sanctions & the improper "sentencing package" construction of journal entry.

2. Trial court violated Defendant's right to U.S. Amend. 5th, 6th, & 14th, & OH. Const. Art. 1, § 10, & 16, when it failed to correct the ambiguous journal entry.

*Id.* The appellate court found Patterson's assignments of error lacked merit and affirmed the trial court, but noted that the Judgment Entry at sentencing only notified Patterson he could serve *up to* five years of post-release control -- when in fact, post-release control was *mandatory* for five years

under Ohio Revised Code § 2967.28(B)(1). *Id.* at *2. The matter was remanded to the trial court for the sole purpose of imposing the mandatory five-year term of post-release control. *Id.* at *3.

The trial court held a resentencing hearing in May 2015 and imposed the mandatory five-year term of post-release control. *State v. Patterson*, 2015 WL 6125749, at *1 (Ohio Ct. App. 2015). Patterson then filed an appeal of that Judgment Entry, asserting three assignments of error:

1. The trial court abused its discretion by reimposing punishments on a conviction and a sentence to a crime not cognizable in Ohio, warranting a vacatur order.

2. The trial court lacked subject-matter jurisdiction over the person, when post release control had expired prior to reimposing a sanction and/or a combination of sanctions resulting in a void, voidable, or nullity of a conviction and sentence.

3. The trial court abused its discretion when vacating a prior judgment by leave of court, without crediting jail time credit and the credit for time served, while awaiting re-sentencing as substantial right.

*Id.* The appellate court held that because none of these assignments of error were based on the imposition of post-release control, they were barred by *res judicata*. *Id.* at *2–3. The Ohio Supreme Court declined to accept jurisdiction. *See State of Ohio v. Patterson*, 144 Ohio St. 3d 1462 (2016) (table).

Undeterred, Patterson filed a petition for a writ of habeas corpus in the Ohio Eleventh District Court of Appeals. He reports that he raised five grounds for relief:

1. Whether the trial court and appellate court had subject matter jurisdiction to resentence Petitioner to a ten year term for the statute(s) R.C. § 2903.02(B) and R.C. 2923.02(A), attempted felony murder, and the offense specific three year term for the statute R.C. 2941.145, maintaining a conviction and post release control for an offense that is not cognizable in Ohio under the Supreme Court of Ohio decision in *State v. Nolan*, 141 Ohio St. 3d 454, 2014-Ohio-4800, 25 N.E. 3d 1016.

2. Whether post release control is prohibited in operation of law when the felony of conviction is not a cognizable crime in Ohio under R.C. 2903.02(B) and 2923.02(A).

3. Whether such imposition of ten years for attempted felony murder, three years for the offense specific firearm specification, and mandatory five years post release control for the statute(s) R.C. § 2903.02(B) and R.C. 2923.02(A), resulted in a void or nullity judgment that is contrary to law.

4. Whether the court retained subject matter jurisdiction to follow the appellate court's mandate to sentence Petitioner to post release control for attempted felony murder following the *Nolan* decision, 2014-Ohio-4800, after receiving notice thereof at the Petitioner's May 27, 2015, resentencing hearing.

5. Whether the trial court failed to satisfy the requirements of R.C. 2929.14(C)(4), while at May 27, 2015 hearing, when the trial court simply adopted an original sentence imposed on Petitioner in 2009, and failed to make the appropriate findings prior to the imposition of consecutive sentences.

(Doc. 1-1 at 3). This state court habeas petition is still pending.

Back in Federal Court

Patterson now files in this Court a second Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, asserting two grounds for relief:

1. Petitioner was denied and deprived of his rights to the Fourteenth Amendment Section One Due Process Clause and the Eighth Amendment Clause against Cruel and Unusual Punishment when the trial court re-sentenced Petitioner to a ten year term for statutes R.C. § 2903.02(B) and R.C. 2923.02(A), attempted felony murder and to the offense specific three year term for the statute R.C. 2941.145, and to a mandatory five year term of supervision pursuant to R.C. 2967.28, maintaining a conviction and post release control for an offense that is not a cognizable crime in Ohio under the Supreme Court of Ohio decision in *State v. Nolan*, 141 Ohio St. 3d 454, 2014-Ohio-4800, 25 N.E. 3d 1016.

5

> 2. Petitioner was denied and deprived of his rights to the Fourteenth Amendment Section One Due Process Clause when the trial court imposed a sentence that is unauthorized by law when Petitioner was re-sentenced.

(Doc. 1-1 at 1). With respect to these two claims, Patterson alleges he was wrongfully convicted of attempted felony murder and that the trial court failed to make the required statutory findings before imposing consecutive sentences. Patterson admits his latest claims are unexhausted, and asks this Court to stay this Petition pending a final decision on his state court action.

## STANDARD OF REVIEW

Absent authorization from the Court of Appeals, a district court lacks jurisdiction to entertain a second or successive petition for writ of habeas corpus. 28 U.S.C. § 2244(b)(3); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). When a petitioner files such a petition without the necessary approval, the district court must transfer the petition to the Court of Appeals. *In re Sims*, 111 F.3d at 47.

The phrase "second or successive" is a "term of art." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). A subsequent petition is "successive" under the meaning of the statute when it relates to the same conviction or sentence attacked in the earlier petition. *See In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999) (citing cases). But the Supreme Court has held that a habeas petition is not successive -- and therefore Section 2244(b) does not apply -- when it is the first application challenging a new judgment. *See Magwood v. Patterson*, 561 U.S. 320, 332–39 (2010). Under *Magwood*, a subsequent petition is not successive if it challenges a new judgment imposed on resentencing following an earlier habeas proceeding. *Id.* ("This is Magwood's *first* application challenging that intervening judgment. The errors he alleges are *new*.") (emphasis in original).

In *King v. Morgan*, the Sixth Circuit interpreted *Magwood* to allow a petitioner to file a new habeas case following resentencing, even if the subsequent habeas petition was limited to claims that

6

were or could have been raised in his earlier petitions. *King*, 807 F.3d 154, 156–58 (6th Cir. 2015) ("If 'the existence of a new judgment is dispositive' in resetting the 'second or successive' count . . . and if the count applies to petitions, not claims, . . . the existence of a new judgment permits a new application to attack the sentence, the conviction, or both.") (citations omitted). But in other cases, the Sixth Circuit has suggested that *Magwood* does not apply to lift Section 2244(b)'s bar when a petitioner was not resentenced *de novo*, but instead was merely advised of the correct conditions of post-release control. *See, e.g.*, *Askew v. Bradshaw*, 636 F. App'x 342, 348–50 (6th Cir. 2016) (petition was not successive because "[t]his case is not one in which the Court of Common Pleas amended a judgment merely to add conditions of post release control").

## DISCUSSION

Patterson was not resentenced *de novo*. The 2015 state appellate court decision affirmed the trial court judgment on both grounds asserted by Patterson. The court then *sua sponte* raised the issue of post-release control and remanded the case to the trial court for the sole purpose of imposing the mandatory five-year term. Neither the conviction nor the prison term were before the trial court on resentencing. Instead, resentencing was limited to correcting a technical error regarding the term of post-release control. Thus, this Court can only consider claims arising from the imposition of the five-year term of post-release control. All other claims are successive under Section 2244(b).

While Patterson attempts to characterize his grounds for relief in this Petition as arising from his resentencing hearing, they are unrelated to the issue of post-release control. Rather, he again challenges his conviction and his sentence. These claims are barred by Section 2244(b), and Patterson therefore must seek approval from the Sixth Circuit to proceed with his successive Petition.

**CONCLUSION**

This Petition is therefore transferred to the United States Court of Appeals for the Sixth Circuit. The Motion for Stay and Abeyance (Doc. 3) is denied as moot.

IT IS SO ORDERED.

                                    s/ *Jack Zouhary*
                              JACK ZOUHARY
                              U. S. DISTRICT JUDGE

                              May 23, 2017