UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON CHRISTOPHER PATTERSON, | ) ) ) | CASE NO.  5:17CV173 |
| Petitioner, | ) ) | JUDGE JACK ZOUHARY |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) ) | |
| CHARMAINE BRACY, | ) ) | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Respondent. | ) | |

This matter is before the undersigned on the Motion for a Stay and Abeyance ("Motion to Stay") (ECF Dkt. #6) filed by Petitioner Brandon Christopher Patterson ("Petitioner") on October 5, 2017, and the Motion to Dismiss Habeas Petition ("Motion to Dismiss") (ECF Dkt. #10) filed by Respondent Charmaine Bracy, Warden  of the Trumbull Correctional Institution in Leavittsburg, Ohio, on December 5, 2017.  Petitioner filed the habeas petition underlying the pending motions on January 19, 2017.[1]  ECF Dkt. #1.  Additionally, Petitioner filed the Response in Opposition to Respondent's Motion to Dismiss on December 20, 2017.  ECF Dkt. #11.  As Respondent addresses Petitioner's request to stay this case in the Motion to Dismiss, all pending motions will be addressed in the instant Report and Recommendation.

For the following reasons, the undersigned RECOMMENDS that the Court: DENY Petitioner's Motion to Stay (ECF Dkt. #6); GRANT Respondent's Motion to Dismiss (ECF Dkt. #10), in part; and DISMISS Petitioner's habeas petition (ECF Dkt. #1) without prejudice.

## I.    FACTUAL AND PROCEDURAL HISTORY

On May 1, 2009, a jury found Petitioner guilty of attempted murder with an attached firearm specification, felonious assault with attached firearm specifications, and having weapons while under disability.  ECF Dkt. #10-1 at 8.  Petitioner was sentenced to a total of twenty years incarceration on May 6, 2009.  *Id.* at 10.  On June 28, 2010, the state appellate court denied all of

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

Petitioner's assignments of error and affirmed the judgment of the trial court. *Id.* at 93. The Supreme Court of Ohio denied Petitioner leave to appeal and dismissed his appeal. *Id.* at 132. Petitioner filed a petition for a writ of habeas corpus on May 11, 2011. *Id.* at 133. This Court denied Petitioner's habeas petition on February 8, 2012. *Id.* at 146.

Petitioner filed a motion for correction of his sentence on October 29, 2014. ECF Dkt. #10-1 at 155. On November 5, 2015, the trial court overruled Petitioner's motion. *Id.* at 168. After appealing to the appellate court, Petitioner's assignments of error were denied, but the appellate court remanded the case to the trial court for resentencing for the limited purpose of properly imposing the mandatory five years of post-release control. *Id.* at 225. The Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal. *Id.* at 270.

On May 27, 2015, Petitioner returned to the trial court where he was notified that he was subject to a mandatory term of five years of post-release control. ECF Dkt. #10-1 at 271. Petitioner appealed, and the appellate court overruled Petitioner's assignments of error on October 3, 2015. *Id.* at 326. The Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal and thereafter denied his motion for reconsideration. *Id.* at 371, 377. On July 7, 2016, Petitioner filed a petition for a writ of habeas corpus in the Eleventh District Court of Appeals, Trumbull County, Ohio, which remained pending at the time Respondent's Motion to Dismiss was filed. *Id.* at 377. The trial court issued a *nunc pro tunc* entry on July 20, 2017, to correct the sentencing entry filed on June 1, 2015, to note that the trial court had imposed a three-year term of imprisonment for count two and a three-year term of imprisonment for the attached firearm specification before merging count two with count one for the purposes of sentencing at the 2009 sentencing hearing. *Id.* at 488. Patterson appealed the trial court's entry to the Fifth District Court of Appeals, Stark County, Ohio, and that appeal was pending when Respondent's Motion to Dismiss was filed. *Id.* at 498-559.

Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2254 on January 25, 2017. ECF Dkt. #1. On May 23, 2017, Petitioner's habeas petition was found successive and transferred to the United States Court of Appeals to determine whether Petitioner may proceed with this action. ECF Dkt. #4. Petitioner's habeas petitioner was transferred from the Sixth

Circuit to this Court for further proceedings on September 27, 2017. ECF Dkt. #5. On October 5, 2017, Petitioner filed the Motion to Stay. ECF Dkt. #6. Respondent filed the Motion to Dismiss on December 5, 2017. ECF Dkt. #10. In the Motion to Dismiss, Respondent moves the Court to dismiss the instant habeas petition as successive and/or not cognizable or, alternatively, to find that Petitioner's claims are unexhausted. ECF Dkt. #10 at 10-22. Further, Respondent indicates that there is no opposition to Plaintiff's Motion to Stay.[2] *Id.* at 1, 16-22. Petitioner filed the Response in Opposition to Respondent's Motion to Dismiss on December 20, 2017. ECF Dkt. #11.

## II. FEDERAL HABEAS CORPUS PETITION

In his habeas corpus petition, filed on January 25, 2017, Petitioner asserts the following grounds for relief:

> GROUND ONE: Petitioner was denied and deprived of his rights to the Fourteenth Amendment section one Due Process Clause.
>
> GROUND ONE SUPPORTING FACTS: Petitioner was wrongfully convicted of attempted felony murder which has been determined by the Ohio Supreme Court as not being a cognizable crime under Ohio law. Petitioner underwent a re-sentencing, wherein the court was asked to correct his obvious error but was denied.
>
> GROUND TWO: Petitioner was denied and deprived of his rights to the Fourteenth Amendment section one Due Process Clause when the trial court imposed a sentence that is unauthorized by law when [P]etitioner was re-sentenced.
>
> GROUND TWO SUPPORTING FACTS: Petitioner was deprived of his rights to the Fourteenth Amendment Section One Due Process Clause when the trial court imposed a sentence that is unauthorized by law when [P]etitioner was re-sentenced. [sic]

ECF Dkt. #1 at 5-6; ECF Dkt. #1-1 at 1.

## III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a

---

[2]Respondent's Motion to Dismiss also addresses the stay that Petitioner has requested. ECF Dkt. #10 at 16-22. Accordingly, the undersigned will address the Motion to Stay and Motion to Dismiss in conjunction herein.

-3-

constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1).

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688–89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993).

In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031–32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218–19 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991). Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman*, 501 U.S. at 729–30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d at 313–14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims:
>
> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 722 (N.D. Ohio 2004).

## IV. STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed the instant § 2254 federal habeas corpus petition well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir.1997), *cert. denied*, 522 U.S. 1112 (1998). Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision

applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell*, 271 F.3d 652, 655–56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A. Decisions of lower federal courts may not be considered.

B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C. The state court decision may be overturned only if:

1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal]; or

2. The state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent'; or

3. 'The state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case'; or

4. The state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey*, 271 F.3d at 655–56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221

-8-

(1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V. LAW AND ANALYSIS

In the Motion to Stay, filed on October 5, 2017, Petitioner asserts that his habeas petition contains both exhausted and unexhausted claims, stating that "[a]n additional issue has also arisen due to the proceedings related to a new judgment created by the improper '*nunc pro tunc*' entry filed by Petitioner's trial court . . ." ECF Dkt. # 6 at 1. Continuing, Petitioner avers that there "is no issue as to good cause for delay; nor is there any evidence of Petitioner exercising any dilatory tactics." *Id.* at 2. For these reasons, Petitioner requests that his habeas petition be stayed pending the final disposition of his unexhausted state claims. *Id.* at 2-3.

On December 5, 2017, Respondent filed the Motion to Dismiss. ECF Dkt. #10. In the Motion to Dismiss, Respondent contends that Ground Two of Petitioner's habeas petition alleges that the trial court failed to make factual findings when imposing consecutive sentences at Petitioner's resentencing.[3] *Id.* at 14. Continuing, Respondent asserts that alleged errors involving

---

[3]Respondent also submits that the Sixth Circuit erred; however, the Sixth Circuit held:

Although [Petitioner's resentencing] was for the limited purpose of re-imposing a term of post-release control, [Petitioner's] resentencing hearing created a new judgment.

-9-

a state court's interpretation of its own law or procedure are not cognizable in federal habeas review. *Id.* (citing *Simpson v. Jones*, 238 F.3d 399, 406-407 (6th Cir. 2000); *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). Respondent avers that Petitioner's claims involve the application of an Ohio statute and Ohio case law, and are thus not cognizable in federal habeas review. *Id.* at 15.

Next, Respondent asserts that Ground One states that Petitioner "was wrongfully convicted of attempted felony murder which has been determined by the Ohio Supreme Court as not being a cognizable claim under Ohio law." ECF Dkt. #10 at 20. Respondent states that in Ground Two Petitioner alleges that the trial court failed to make factual findings when imposing consecutive sentences upon resentencing. *Id.* Continuing, Respondent asserts that exhaustion of state court remedies may be excused only if there is no opportunity to obtain redress in a state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. *Id.* (citing *Rucker v. Rose*, 626 F. Supp. 416, 418 (M.D. Tenn. 1985)). Respondent states that there is no evidence before the Court that the corrective process is so clearly deficient as to render futile any effort to obtain relief. *Id.* at 21. Additionally, Respondent asserts that the Supreme Court of the United States has instructed that a district court, in its discretion, contemplating a stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies only if there is: good cause for the petitioner's failure to exhaust; the unexhausted claims are not plainly meritless; and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. ECF Dkt. #10 at 21 (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). Respondent next states that Petitioner has moved for a stay while he exhausts his state court remedies and that Respondent does not oppose this stay. ECF Dkt. #10 at 21. Continuing, Respondent asserts that Petitioner's claims appear to be heavily reliant on the Ohio courts' interpretations of state law, and that comity and federalism favor allowing the state courts an opportunity to address these issues. *Id.* at 21-22. Respondent concludes

---

Consequently, [Petitioner's] new petition is not subject to § 2244(b)(1)'s bar on filing second or successive habeas petitions, and he may raise any claims related to his convictions and sentence without first obtaining permission from this court.

ECF Dkt. #5 at 2. This Court is not the appropriate venue for Respondent to seek a determination that the Sixth Circuit erred.

-10-

by stating, "[Petitioner's] petition for a writ of habeas corpus should be dismissed as successive, or because the claims are not cognizable or are unexhausted." *Id.* at 22.

In *Harris*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

553 F.3d at 1031–32 (internal citations omitted). While the undersigned recognizes that Petitioner has moved to stay this case and Respondent has indicated that there is no opposition to the requested stay, the more appropriate course of action is to dismiss Petitioner's habeas petition without prejudice and allow him to re-file the habeas petition when he has exhausted his state law claims, assuming he overcomes the procedural barriers of time limitations and procedural default.

The Supreme Court of the United States has explained:

> District courts do ordinarily have authority to issue stays. AEDPA does not deprive district courts of that authority, but it does circumscribe their discretion. Any solution to this problem must therefore be compatible with AEDPA's purposes.
>
> One of the statute's purposes is to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases." AEDPA's 1-year limitations period "quite plainly serves the well-recognized interest in the finality of state court judgments." It "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."
>
> Moreover, Congress enacted AEDPA against the backdrop of *Lundy's* total exhaustion requirement. The tolling provision in § 2244(d)(2) "balances the interests served by the exhaustion requirement and the limitation period" "by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued." AEDPA thus encourages petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a "properly filed application for State post-conviction or other collateral review" is pending. This scheme reinforces the importance of *Lundy's* "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines*, 544 U.S. at 276-77 (internal citations omitted). Petitioner does not show good cause for his failure to exhaust his claims in state court prior to filing the instant habeas petitioner and instead merely states in a conclusory manner that "there is no issue as to good cause for a delay." ECF Dkt. #6 at 2; ECF Dkt. #11-1 at 9-11. Additionally, Petitioner states that his "claims related to a resentencing are currently pending in the state courts, which is a legitimate reason for a delay in exhaustion." *Id.* at 10. Although Petitioner indicates that his claims related to his resentencing are pending in the state courts, he fails to explain why he filed the instant habeas petition before exhausting these claims. *See id.* at 9-11. Since stay and abeyance should only be available in limited circumstances and Petitioner has failed to show good cause for his failure to exhaust his claims first in state court, the undersigned recommends that Petitioner's Motion to Stay (ECF Dkt. #6) be denied.

Additionally, while the undersigned recognizes that Respondent asserts that Petitioner's claims are not cognizable in federal habeas corpus, Respondent also states that "[Petitioner's] claims appear to be heavily reliant on the Ohio courts' interpretations of state law." ECF Dkt. #10 at 14-15, 21. Both of Petitioner's habeas claims involve the resentencing that was the subject of Petitioner's state appeal that was pending at the time Respondent filed the Motion to Dismiss. *See* ECF Dkt. #10-1 at 498-516. The fact that Petitioner's habeas claims are reliant on the Ohio courts' interpretation of state law weighs in favor of dismissing the habeas petition without merit to afford Petitioner an opportunity to exhaust his unexhausted claims. In any event, Petitioner has failed to show good cause for failing to exhaust his claims in the state courts before filing his habeas petition. A dismissal without prejudice will allow Petitioner to refile his habeas petition, assuming that he properly

exhausts his claims and is not otherwise barred by the AEDPA statute of limitations or procedural default. Accordingly, the undersigned recommends that the Court grant Respondent's Motion to Dismiss (ECF Dkt. #10), in part, and dismiss Petitioner's habeas petition (ECF Dkt. #1) without prejudice.

## VI. CONLCUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court: DENY Petitioner's Motion to Stay (ECF Dkt. #6); GRANT Respondent's Motion to Dismiss (ECF Dkt. #10), in part; and DISMISS Petitioner's habeas petition (ECF Dkt. #1) in its entirety without prejudice.


Date: June 10, 2018                */s/ George J. Limbert*
                                   George J. Limbert
                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Crim. P. 59.  Failure to file objections within the specified time constitutes a WAIVER of the right to appeal the Magistrate Judge's recommendation. *Id.*