IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Brandon Christopher Patterson, | Case No. 5:17 CV 173 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Charmaine Bracy, | |
| Respondent. | |

**INTRODUCTION**

Petitioner *pro se* Brandon Patterson, a state prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). The Petition identifies two Grounds for relief. First, Patterson claims the trial court violated his Eighth and Fourteenth Amendment rights by sentencing him to ten years in prison and five years of supervision for attempted felony murder, which he contends is not a cognizable crime under Ohio law (Doc. 1-1 at 1). Second, Patterson claims the trial court violated his Fourteenth Amendment rights by failing to make required findings before imposing consecutive sentences (*id.*).

This case was referred to Magistrate Judge George Limbert for a Report and Recommendation (R&R) under Local Rule 72.2. The Warden moved to dismiss the Petition as successive, noncognizable, and unexhausted (Doc. 10), and Patterson opposed (Doc. 11). Patterson also moved (unopposed) for a stay and abeyance pending exhaustion of his claims in state court (Doc. 6). Though not included in the Petition, the Motion also raised an issue regarding a July 2017 *nunc pro tunc* entry, which Patterson contends was improper (Doc. 6 at 1–2; Doc. 11-1 at 3).

The R&R recommends this Court deny the Motion for Stay and Abeyance, grant the Motion to Dismiss in part, and dismiss the Petition without prejudice to allow Patterson to fully exhaust his claims (Doc. 12). Patterson timely objected (Doc. 15). This Court therefore reviews *de novo* those portions of the R&R challenged in the Objection. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981).

## DISCUSSION

An application for a writ of habeas corpus by a person in state custody shall not be granted unless it appears the petitioner exhausted all state court remedies. 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). When faced with a "mixed" petition presenting both exhausted and unexhausted claims, a district court may (1) dismiss the petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner exhausts his claims in state court; (3) allow the petitioner to dismiss the unexhausted claims and proceed only on the exhausted claims; or (4) skip over the exhaustion requirement and deny the petition in its entirety if none of the claims have merit. *Harris v. Lafler*, 553 F.3d 1028, 1031–32 (6th Cir. 2009).

Thus, while district courts have authority to stay mixed petitions, AEDPA "circumscribe[s] their discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The statute allows petitioners to toll the one-year limitations period while a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2254(d)(2). Balancing this consideration with the total exhaustion requirement, the Supreme Court instructs that a district court should only grant a stay and abeyance in "limited circumstances" -- namely, when the petitioner identifies good cause for failing to exhaust his claims in state court. *Rhines*, 544 U.S. at 277.

The R&R recommends this Court deny the Motion for Stay and Abeyance and dismiss the Petition without prejudice. Patterson objects (Doc. 15 at 6–10). He concedes that his claims -- which are the subject of a pending state habeas action -- are not fully exhausted (*id.*; *see also* Doc. 10-1 at 577). But he maintains that issuing a stay is the better course of action. Patterson explains that he was unable to file his state habeas petition earlier due to state procedural rules, and he expresses concern that he will be prevented from seeking relief in federal court if the state appellate court fails to timely rule on that petition (Doc. 15 at 7).

This is insufficient to establish good cause for a stay and abeyance. Assuming the state habeas petition was "properly filed," the statute of limitations under AEDPA will be tolled while Patterson exhausts his state court remedies. He may then seek relief in federal court, if appropriate. Accordingly, this Objection (*id.* at 6–10) is overruled. Further, because this Court does not reach the merits of the Petition, the remaining Objections (*id.* at 3–6, 10–12) are overruled as moot.

## CONCLUSION

This Court overrules the Objection (Doc. 15) and adopts the R&R (Doc. 12). The Motion for Stay and Abeyance (Doc. 6) is denied, and the Petition (Doc. 1) is dismissed without prejudice. Further, this Court certifies that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                         s/ *Jack Zouhary*
                         JACK ZOUHARY
                         U. S. DISTRICT JUDGE

                         August 17, 2018